IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02575-MSK-KLM (MEH)

In re:

APPLICATION OF MICHAEL WILSON & PARTNERS,
LIMITED, FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782.

_____

**ORDER ON PETITIONER'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENAS**
_____

Before the Court is Petitioner's Motion to Compel Compliance with Subpoenas [Docket #6]. The matter is briefed and was referred to Magistrate Judge Coan [Docket #8]. This Court, while sub-assigned to this case after Judge Coan's retirement, issued a partial ruling on the jurisdictional issues and now rules on the scope of the subpoenas and other remaining issues. Oral argument was held on July 20, 2007. For the reasons stated below, the Court **grants in part** and **denies in part** Petitioner's Motion to Compel.

**I.   Background**

The factual background of this case is set forth in the Court's partial ruling [Docket #37]. The parties have limited the remainder of the dispute by agreeing to Requests 7 through 11 [Docket #49-1]. Accordingly, the Court will limit its analysis to Requests 1 through 6 as modified in the Docket #49-1, as well as the other issues raised by the parties for which the Court requested supplemental briefing.

**II.   Scope of the Subpoenas**

As an initial matter, the Court rejects the argument that this discovery is obtainable from Defendants in the foreign proceedings, based on the uncontroverted fact that foreign Defendants

undertook efforts to destroy relevant evidence, leaving Petitioner in the position of seeking some of this same discovery from third parties. The Court also notes that Respondents' position has vacillated with regard to the production of documents in certain categories. Further, despite this Court's invitation to do, Respondents do not individually address the Requests at issue in any of their pleadings.

### Request 1

The parties' only dispute on this request is that Respondents seek to limit information sought in Request 6 in the same manner to which the parties have agreed in Request 1. This argument is more properly considered under Request 6, and the Court will grant Petitioner's Motion as to Request 1.

### Requests 2 and 4

Respondents seek a more limited scope on these requests by use of the phrase "**reflecting** or referring" rather than "**relating** or referring." The Court find that Petitioner has established the relevance of the documents requested due in part to the foreign Defendants attempts to hide assets and that Respondents have not met their burden in establishing that Petitioner's phrase is overly burdensome. Petitioner's Motion to Compel is granted as to Requests 2 and 4.

### Request 3

The Court disagrees with Respondents' contention that its proposal sufficiently covers Petitioner's claim that the foreign Defendants worked for Respondents "off the books." Petitioner seeks all documentation relating to MWP, not simply the ten projects listed by Respondents, to encompass any communications relating to the foreign Defendants' plans to divert clients from MWP. The information sought is clearly relevant, and Petitioner's Motion to Compel is granted as to

Request 3.

### Request 5

Petitioner seeks all documents, other than technical information, relating to Max Petroleum. Respondents seek to limit production to work performed by MWP through the date of July 20, 2006. Both parties agree that the Max Petroleum transaction is a central issue in the foreign proceedings and Petitioner alleges that shares held in Mr. Sinclair's name are rightfully owned by Emmott. Moreover, it is clear that work performed by the foreign Defendants on this project after they left MWP is also a central issue in the foreign proceedings. Moreover, Respondents agreed to produce these documents (Dock. #6, Exh. 6) in their initial response to the subpoenas. Accordingly, Petitioner's Motion to Compel is granted as to Request 5.

### Request 6

As mentioned above Petitioner seeks a broader scope of documents as to these entities than the entities listed in Request 1. Petitioner argues that Temujin Services Limited, the Temujin Trading Trust, Scoulton Holdings, and Energy Management Consulting S.A. are entities owned by the foreign Defendants which the foreign Defendants have allegedly used to receive payments for work performed on behalf of MWP's former clients. Respondents argue that financial information relating to these companies is sufficient, similar to Request 1. Because these companies are owned at least in part by the foreign Defendants, the broader scope is appropriate. Petitioner's Motion to Compel is granted as to Request 6.

Petitioner also contends that Respondents have removed documents from this jurisdiction because of their relevance in foreign proceedings. While this Court will not serve as clearinghouse for documents, those documents in the possession and control of Frontier Mining and Sokol

3

Holdings, as companies principally located in Colorado, are subject to this Court's jurisdiction.

### III.  Jurisdiction over Mr. Sinclair and clarification of the subpoenas

First, Respondents argue that Mr. Sinclair is not subject to this Court's jurisdiction because he is not a resident of Colorado, nor is he "found" within this District. Petitioner contends that, as the corporate officer of two-corporations with principal places of business in Colorado, Mr. Sinclair is subject to this Court's jurisdiction. Petitioner further argues that counsel for Mr. Sinclair accepted service of the subpoena without reservation, thus waiving any objection based on jurisdiction.

Having reviewed the record, as well as this Court's partial Order on Petitioner's Motion to Compel, the clarifies that the subpoenas duces tecum are also quashed as to Mr. Sinclair and Mr. Savage, because "MWP's former clients that were allegedly diverted to new firms by Emmott are the corporate Respondents, not the individual Respondents." Dock. #37, p.8. Thus, even though jurisdiction likely exists as to both individuals based on waiver as well as sufficient contacts, the Court exercises its discretion pursuant to 28 U.S.C. § 1782 to disallow discovery against the individual Respondents.

### IV.  Protective Order

Respondents seek an attorney-eyes-only provision in the protective order because the information sought relates to Respondents' confidential research and projects. Respondents further argue that MWP may compete with Respondents on these projects or may represent competitors. In response, Petitioner contends that an attorney-eyes-only provision is impractical because it will require the parties to constantly bring this matter before the Court. Petitioner also argues that Respondents have not established good cause for such an order and dispute that the claim that it competes with Respondent.

4

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and can include an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c) and (c)(7). The burden is on the party resisting discovery or dissemination to establish that the information sought should be subject to additional protection. *Reed v. Nellcor Puritan Bennett & Mallinckrodt*, 193 F.R.D. 689, 690 (D. Kan. 2000). To meet this burden, the moving party must set forth specific facts showing good cause, not simply conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Thus, Plaintiff must do more than simply allege that the documents are proprietary and confidential. *Reed*, 193 F.R.D. at 691. In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

With regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor in the lawsuit is generally afforded more protection. *See A/R Roofing, L.L.C. v. Certainteed Corp.*, No. 05-1158, 2005 U.S. Dist. LEXIS 31145 (D. Kan. Dec. 5, 2005) (finding that disclosure of information that could place one party at a disadvantage in the marketplace supported an attorney-eyes-only provision); *see also Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866 (E.D. Pa. 1981) ("Competitive disadvantage is a type of harm cognizable under rule 26.").

In this case, the record before the Court does not support a finding that Petitioner is a direct

competitor with Respondent. Moreover, while Petitioner may potentially represent a competitor of Respondents, a standard protective order would protect this interest by prohibiting the dissemination of information covered by that protective order. In addition, the Court agrees that in an action brought under 28 U.S.C. § 1782, an attorney-eyes-only provision places an impractical burden either on this Court to continually review document designations or an impermissible burden on each foreign court to first consider what documents will retain what designations in the proceedings before that tribunal. Finally, the Court rejects any contention that documents may be used only for the proceedings listed in the initial application, as jurisdiction to order production of documents under 28 U.S.C. § 1782 is not similarly limited in that the proceedings involve similar issues and were "within reasonable contemplation" at the time of the petition. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). Accordingly, the Court encourages the parties to submit a stipulated protective order, without an attorney-eyes-only provision, following the format commonly used in this District, as set forth in *Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382 (D. Colo. 2000).

**V.     Cost Sharing**

Having reviewed the parties' arguments and affidavits regarding the potential costs of production, the Court believes that some cost sharing is appropriate. While the Court will not set forth parameters at this time, Petitioner should be prepared to share equally the cost of imaging, preserving, searching, and producing the requested documents. The Court, however, does not believe that an award of attorney's fees for document review is appropriate in this case, particularly given Respondents' position that they are already participating parties in some of the foreign proceedings, as well as their obvious interest in the outcome of these foreign proceedings.

Respondents may submit a motion regarding the sharing of costs once the production is completed, if the parties are unable to reach agreement.

**VI.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Petitioner's Motion to Compel Compliance with Subpoenas [Filed June 20, 2007; Docket #6] is **granted in part and denied in part**.  The depositions and document production are to be completed by **November 30, 2007**.  The parties are reminded that any appeal of this Court's Orders on discovery does not automatically stay the deadlines for complying with discovery orders.

Dated at Denver, Colorado, this 30th day of October, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge