IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02575-MSK-KLM (MEH)

In re:

APPLICATION OF MICHAEL WILSON & PARTNERS,
LIMITED, FOR JUDICIAL ASSISTANCE PURSUANT TO
28 U.S.C. § 1782

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of Respondents' confidential business information, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, deposition testimony, and other information disclosed pursuant to the discovery duties created by 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that the producing party in good faith believes contains sensitive research, development, commercial, or business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except in this proceeding, or in connection with discovery, preparation and/or trial of one or more of the "Foreign Proceedings." For the purpose of this Order, "Foreign Proceedings" shall include any pending and future foreign proceedings relating to or arising out of Petitioner's

allegations that John Forster Emmott, Robert Colin Nicholls, and David Ross Slater committed fraud and breached their respective common law, fiduciary and contractual duties to Petitioner by, *inter alia*, diverting clients, payments, and business opportunities to themselves at the expense and to the detriment of Petitioner. Such Foreign Proceedings shall include, without limitation, arbitration and judicial proceedings in England and judicial proceedings in Australia, the British Virgin Islands, Jersey, the Bahamas, and Switzerland.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the producing party or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this proceeding or the Foreign Proceedings;

(b) persons regularly employed or associated with the attorneys actively working on this proceeding or the Foreign Proceedings whose assistance is required by said attorneys in the taking of discovery, preparation for trial, at trial, or at other related proceedings;

(c) the parties in this proceeding or the Foreign Proceedings, including representatives of the parties;

(d) expert witnesses and consultants retained in connection with this proceeding or the Foreign Proceedings, to the extent such disclosure is necessary for preparation, trial or related proceedings;

(e) this Court and its employees, the courts and arbitral tribunals where the Foreign Proceedings are pending or will be initiated and the employees of those courts and arbitral tribunals ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this proceeding or the Foreign Proceedings;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties to this proceeding and the Foreign Proceedings currently ongoing in England, Australia, the Bahamas, the British Virgin Islands, Jersey and Switzerland, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL within thirty (30) days of receipt of the written transcript, and shall within that time, provide written notice of the designation to all counsel of record. Until the period of time has passed to allow the designating party to make such designations, the transcript must not be disclosed by any party to persons other than those persons named or approved according to Paragraph 4 herein.

3

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. If any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the technology used by the producing party to produce the documents, returning such documents and destroying any copies, notes or memoranda concerning the privileged information. If, however, the receiving party disagrees

with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document, the receiving party may object to the return of the document by giving written notice to the party claiming the privilege. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party claiming the privilege or protection to file an appropriate motion requesting that the Court determine the validity of the privilege or protection claim. If the party claiming the privilege or protection fails to file such a motion within the prescribed time, the receiving party may retain the disputed document, which shall not thereafter be treated as privileged or protected. In connection with a motion filed under this provision, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be treated as privileged or protected. The disputed document shall be treated as privileged or protected until either the Court rules on the motion filed under this provision, or the time for filing such a motion has expired. The parties acknowledge that issues of privilege may also arise under foreign law and/or may be litigated in the foreign proceedings. Nothing in this agreement is intended to affect any party's right to claim privilege or work product protection in the foreign proceedings, or any counter argument or argument of waiver in respect of any such claim.

10. At the final conclusion of the foreign proceedings, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED:

November 30, 2007

| COUNSEL FOR PETITIONER | COUNSEL FOR RESPONDENTS |
|---|---|
| /s/ | /s/ |
| A. Katherine Toomey | Stephen D. Bell |
| Baach Robinson & Lewis PLLC | R. Stephen Hall |
| 1201 F Street, NW, Suite 500 | Jennifer N. Good |
| Washington, D.C. 20004 | Dorsey & Whitney LLP |
| (202) 833-8900 | 270 17th Street, Suite 4700 |
| katherine.toomey@baachrobinson.com | Denver, CO 80202 |
| | hall.stephen@dorsey.com |

SO ORDERED,

This 5T day of December 2007

_____
United States Magistrate Judge