IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02575-MSK-KMT

In re:

APPLICATION OF MICHAEL WILSON & PARTNERS,
LIMITED, FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782

**ORDER DENYING MOTION FOR RECONSIDERATION, BUT REOPENING CASE**

**THIS MATTER** comes before the Court on a Motion for Reconsideration of it's Order **(#85)**. The subject motion was filed by Interested Parties Sokol Holdings, Inc., Frontier Mining, Ltd., Thomas Sinclair and Brian C. Savage ( collectively Respondents) **(#86)**. The Applicant Michael Wilson & Partners, Limited filed a Brief in Opposition **(#87)** and Respondents' filed a Reply **(#91).** In addition, Applicant filed a Notice **(#96)**[1].

## I. Background

Applicant Michael Wilson Partners, Limited ("Applicant") commenced this action pursuant to 28 U.S.C. § 1782 to obtain discovery pertinent to judicial proceedings then pending in England and New South Wales **(#1)**. This Court granted the application **(#2)**, appointed two attorneys to serve as Commissioners of the Court, and gave them the authority to issue subpoenas and/or other appropriate process requiring Sokol Holdings, Inc., Frontier Mining, Ltd., Thomas Sinclair and Brian C. Savage (collectively "Respondents") to appear for deposition and to produce documents. The Court then closed the case.

Approximately five months after the case was closed, the Applicant filed a Motion to

---

[1] This was filed without authorization. Despite its denomination, it appears to be in the nature of a sur-reply.

Compel **(#6, #7)** the Respondents to comply with subpoenas to testify and produce documents. For that purpose, the Court reopened the case **(#16)**. Respondents filed a response and other documents **(#19, #20, #21, #22, #24, #28)** in opposition to the Motion to Compel, and the Applicant replied **(#25, #27)**.

The Motion to Compel was referred to the Magistrate Judge, who after oral argument issued two Orders **(#37, #54)**. In the first Order **(#37)**, the Magistrate Judge granted the Applicant's request to depose Sokol Holdings and Frontier Mining, but quashed the subpoenas served upon Mr. Sinclair and Mr. Savage. In the second Order **(#54)**, the Magistrate Judge made several determinations defining the scope of the authorized discovery and addressed apportionment of costs and attorney fees. Applicant and Respondents appealed different aspects of the Magistrate Judge's Orders and fully briefed their objections **(#55, #56, #68, #69, #70, #71)**.

A the time of review of the Magistrate's Orders, the parties had narrowed their focus to the provisions of **(#54)** that addressed costs and attorney fees. Neither party presented argument or authority identifying any legal error with regard to such provisions. As a consequence, this Court affirmed the Order, and once again closed this case **(#85)**.

Respondents then filed the instant Motion for Reconsideration **(#86)**, asking this Court to reconsider its affirmance of the Magistrate Judge's Order **(#54)**. The Respondents still offer nothing to suggest any legal error. Instead, they argue that they have incurred attorney fees in complying with subpoenas and in document review and that they desire compensation. The Applicants oppose reconsideration and any award of attorney fees.

## II. Standard of Review

Ordinarily in civil actions, relief from a judgment or order is sought pursuant to Fed. R. Civ. P. 59(e) or 60(b). It is unclear that such rules apply in this type of action, but assuming that they do, there are three possible grounds justifying relief: (1) an intervening change in controlling law, (2) the existence of relevant new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). In considering whether there was clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have already been addressed or for a party to advance arguments that could have been raised previously. *See id.*

## III. Analysis

Respondents contend that the existence of "new evidence" and "manifest injustice" justify reconsideration of this Court's Order **(#85)** in which it affirmed the Magistrate Judge's Order **(#54)**. The purported "new evidence" falls into three categories: (1) that there now exists an injunction issued by a foreign court that prevents Applicant from taking the substantial depositions of Sokol Holdings and Frontier Mining; (2) that Respondents have reviewed approximately 325,000 documents and incurred approximately $2.5 million in fees and costs in responding to the subpoenas authorized in this matter; and (3) that Applicant has allegedly made unreasonable follow-up requests for production and requests for production. Respondents also contend that having to bear their own attorney fees would constitute a manifest injustice.

Applicant's Response argues: (1) that Respondents have previously raised these same arguments; (2) Respondents have not presented any evidence that is actually new; (3) this Court

could have affirmed the Magistrate Judge's Order on several different grounds; (4) Applicant's conduct in pursuing discovery was appropriate; (5) Respondents' document review was not unexpectedly extensive; (6) the underlying subpoenas were not overly broad or unreasonable; and (7) Respondents' arguments are not relevant or supported by fact or law.

No grounds for relief from this Court's Order **(#85)** have been shown. The case is closed and Respondents have not sought to reopen it. More importantly, this Court's Order **(#85),** that affirmed the Magistrate Judge's prior order **(#54)**, was not premised upon an evaluation of any evidence or a determination of whether it was "fair" that Respondents pay their own attorney fees. The Court's review of the Magistrate Judge's ruling focused upon whether there was clear, legal error. Respondents did not then, and still do not, identify any legal error made by the Magistrate Judge. Thus there is nothing to reconsider. The Court appreciates that Respondents desire compensation for the attorney fees they have incurred, but reconsideration of the review made by this Court of the Magistrate's Order is not the appropriate procedural mechanism to accomplish that objective. For these reasons, reconsideration is **DENIED**.

Such denial, however, does not preclude the parties from seeking further relief in this matter. Indeed, Applicant has filed a new Motion to Compel Further Discovery Responses **(#100)**, and Respondents have filed a Notice of Judgment **(#106)**, bringing to the Court's attention a judgment entered in the English judicial proceedings serving as the basis for this action. It is also appears in **(#54)** that the Magistrate Judge anticipated that there might be further controversies between the parties as to apportionment of costs, although it is not clear whether the Magistrate Judge anticipated that attorney fees would be included in such

apportionment.[2]

        **IT IS THEREFORE ORDERED** that:

(1)    This case is reopened;

(2)    Respondents' Motion for Reconsideration **( #86)** is **DENIED**;

Dated this 5th day of March, 2009

                                    **BY THE COURT:**

                                    */s/ Marcia S. Krieger*

                                    Marcia S. Krieger
                                    United States District Judge

---

[2] The Order provides in pertinent part " Respondents may submit a motion regarding the sharing of costs once the production is completed, if the parties are unable to reach agreement."