IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02575-MSK-KMT

In re:

APPLICATION OF MICHAEL WILSON & PARTNERS,
LIMITED, FOR JUDICIAL ASSISTANCE PURSUANT
TO 28 U.S.C. § 1782

---

**ORDER OVERRULING OBJECTIONS TO ORDER OF MAGISTRATE JUDGE AND
GRANTING MOTION TO CLOSE PROCEEDINGS**

---

**THIS MATTER** comes before the Court on the Petitioner's Limited Objection, Pursuant

to Federal Rule of Civil Procedure 72(a), to the April 30 Order of the Magistrate Judge and

Motion to Stay the Magistrate Judge's Order Requiring the Posting of a Cost Bond Pending

Adjudication (**#119**), Petitioner's Renewed and Supplemented Objection to the April 30, 2009

Order of the Magistrate Judge Requiring the Posting of a Cost Bond (**#155**), Petitioner's Request

for an Expedited Ruling on its Objection and its Renewed and Supplemented Objection to the

April 30, 2009 Order of the Magistrate Judge (**#166**), and Respondents' Motion to Close

Proceedings (**#169**).  The motions and objections have been fully briefed and are ripe for

determination.  Having considered the same, the Court **FINDS** and **CONCLUDES** the

following.

## I. Background

Applicant Michael Wilson Partners, Limited ("Applicant") commenced this action

pursuant to 28 U.S.C. § 1782 for the sole purpose of obtaining discovery pertinent to judicial

proceedings which are pending in England and New South Wales (**#1**).  This Court granted (**#2**)

the application, appointed two attorneys to serve as Commissioners of the Court, and gave them

the authority to issue subpoenas and/or other appropriate process requiring Sokol Holdings, Inc., Frontier Mining, Ltd., Thomas Sinclair and Brian C. Savage (collectively "Respondents") to appear for deposition and to produce documents.  The Court then closed the case.  Approximately five months after the case was closed, the Applicant filed a Motion to Compel (**#6, #7**) seeking to compel Respondents to comply with subpoenas to testify and produce documents.  The Court reopened the case (**#16**) for the limited purpose of addressing enforcement of the subpoenas.  The Motion to Compel was referred to the Magistrate Judge, who after hearing oral argument issued two Orders (**#37, #54**).  Both Applicant and Respondents appealed different aspects of the Magistrate Judge's Orders.  On review, this Court affirmed both of the Magistrate Judge's Orders and once again closed this case (**#85**).

Applicant filed yet another Motion to Compel (**#100**), which was also referred to the Magistrate Judge.  Magistrate Judge Kathleen M. Tafoya issued an Order (**#109**), which is the subject of Applicant's numerous and repeated objections at issue now.  Magistrate Judge Tafoya granted Applicant's motion in part, permitting it to take another deposition of Respondent Savage, fees and costs to be borne by the Respondents, directing Respondents to institute additional specific searches for data responsive to the subpoenas, directing Respondents to update and supplement their privilege log, and ordering Applicant to post a cost bond in the amount of one million dollars to cover costs associated with Respondents' complying with the subpoenas.  The cost bond was ordered based on Magistrate Judge Tafoya's finding that responsive document production for the non-parties had been voluminous and expensive and, since cost-sharing had been ordered in the case, disputes over production and costs were likely to recur.  In addition, Magistrate Judge Tafoya noted that the court in one of the underlying proceedings had frozen certain of Applicant's assets and that the Respondents had concerns that

Applicant might make efforts to dispose of the disputed property.

After further proceedings, Magistrate Judge Tafoya reduced the amount of the bond to $500,000 (**#148**) and permitted Applicant to meet its obligation by securing a guarantee from HSBC Private Bank (C.I.) Limited, Jersey Branch ("HSBC").  Applicant has complied with this obligation.

## II. Standard of Review

On non-dispositive matters, the Court may modify or set aside any portion of a magistrate judge's order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).

The decision whether to require a pre-judgment cost bond in federal court is within the trial court's discretion.  *Paramount Film Distributing Corp. v. Civic Center Theatre*, 333 F.2d 358, 362 (10th Cir. 1964).  Factors that may be considered in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of the plaintiff's claims; (2) the ability or willingness of the plaintiff to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial.  *Piallat v. Replogle*, 125 F.R.D. 165, 166 (D.Colo.1989).

## III. Analysis

### A.      Objections to Magistrate Judge Order

In its first objection to the Order (**#119**), Applicant argues that requiring it to post a cost bond is "unprecedented" and improper because such bonds generally apply only to costs recoverable under 28 U.S.C. § 1920 and the amount is excessive.  Applicant also argues that the Order was erroneous because it was issued *sua sponte*, without a motion from Respondents for such a bond.  Applicant asserts that it should be relieved of its cost-sharing obligation, thus eliminating the need for the bond.  Applicant also argues that Magistrate Judge Tafoya did not

properly consider the factors identified in *Piallat* in making her decision to impose the cost bond. It argues that it is likely to prevail in the underlying matters, that the Magistrate Judge noted that there was no evidence to show that Applicant was unable to pay its share of costs, and that the Magistrate Judge's reliance on the Respondents' estimate of production costs thus far was erroneous.  Applicant contends that the excessive estimate of the cost to Respondents to respond to the discovery requests was entirely due to Respondents' (or their agents') own conduct and inefficiencies and/or includes Respondents' legal fees relating to the underlying litigation.

In its renewed and supplemental objections (**#155**), Applicant asserts that by reducing the amount of the bond from $1 million to $500,000, Magistrate Judge Tafoya implicitly recognized that the costs of discovery are unlikely to be in line with Respondents' previous estimates and that her reliance on that estimate was in error.

Finally, in its request for an expedited ruling on the objections (**#166**), Applicant reiterates its objections and requests that its security obligation be lifted, citing the financial burden of complying with the Order.

Applicant's objections are overruled.  Magistrate Judge Tafoya's Order was neither clearly erroneous nor contrary to law.  Magistrate Judge Tafoya analyzed the appropriate factors in determining whether to exercise her discretion in requiring the cost bond.  She noted evidence that certain of Applicant's assets had been frozen, which raises questions about whether it would have assets available to satisfy its obligations in these discovery proceedings.  She also found that Respondents would incur significant costs in complying with Applicant's discovery requests, which is an appropriate factor to consider.  Although her estimate in the initial Order may have been excessive, Applicant has not shown that the revised estimate of $500,000 is so disproportionate to the actual costs as to amount to an abuse of discretion.  Moreover, since the

4

cost-sharing has been ordered, Applicant has not shown that it was an error of law to require

security for such costs, even though discovery expenses would not ordinarily be awarded to a

prevailing party upon judgment.[1]

Similarly, there is no legal or factual error in Magistrate Judge Tafoya's decision not to

relieve Applicant of its cost-sharing obligations in this matter.  The order imposing cost-sharing

was issued by Magistrate Judge Michael E. Hegarty on October 31, 2007 (**#54**) and affirmed by

this Court (**#85**).  The Court will not entertain further appeal of this issue.

### B.    Motion to Close Proceedings

Respondents move to close these proceedings on the grounds that it has complied with

the subpoenas and the underlying litigation has concluded.  They acknowledge that the allocation

of costs incurred has not yet been completely resolved and that a final accounting is yet required.

In response, Applicant argues that there are outstanding procedural matters, including

recovery of the costs of redeposing Mr. Savage and the objections to the Magistrate Judge's

Order (now resolved).  Applicant contends that there are still gaps in Respondents' document

production and that it intends to issue additional subpoenas.  Moreover, while Applicant

concedes that the liability phase of the two underlying proceedings is completed, it contends that

---

[1]The Court notes that this case is purely a discovery-related proceeding for litigation occurring elsewhere.  Unless other provisions are made, discovery in a section 1782 action is governed by the Federal Rules of Civil Procedure.  28 U.S.C.A. § 1782(a).  Under Rule 26, the court is vested with considerable discretion to specify conditions and limits for discovery, particularly electronic discovery, and has sanction power under Rule 37; either of these rules conceivably provides additional authority for the Magistrate Judge's decision.  *See In re Remington Arms Co., Inc*., 952 F.2d 1029 (8th Cir. 1991) (protective order governing discovery of trade secret material could include bond to protect against risk of injury resulting from disclosure of trade secret).

other matters are ongoing and additional litigation is underway in other foreign venues.

Applicant also argues that since the proper allocation of the discovery costs is not yet ripe,[2] the

matter should not be closed.

Applicant's arguments are unavailing.  It appears that the only "outstanding procedural

matter" at issue now is the payment by Respondents of costs incurred in retaking Mr. Savage's

deposition.  However, as Respondents note, this can be addressed in conjunction with the other

costs at issue.  Applicant's contention that it might wish to issue new subpoenas to capture

additional documents is not compelling given that there is no showing that such documents

would be accepted by the courts in the two foreign proceedings, which have now substantially

concluded, or that Respondents actually possess additional responsive evidence.  The Court also

credits Respondents' evidence that they complied with the Magistrate Judge's discovery orders

in February 2010 and January 2011.  Applicant has had adequate time to determine whether

there were additional gaps in discovery that needed to be addressed but has failed to act.  With

respect to the two proceedings, Applicant has shown only that if it is successful on appeal in one

case it might have the opportunity to submit new evidence, which might include some evidence

not already obtained from Respondents.  This is not a sufficient basis to continue the

proceedings.

Applicant contends that there are ongoing proceedings in the Bahamas and in

Switzerland and that additional discovery might be needed for these matters.  Applicant's section

1782 Application, however, was limited to the matters in England and New South Wales and the

Application, as well as the motions to compel, were granted based on the facts and circumstances

---

[2]Respondents are apparently involved in litigation with the attorneys who assisted with
responding to the subpoenas regarding the excessive cost of finding and producing responsive documents.

of those cases.  Applicant has offered no authority[3] to show that it may now issue new subpoenas for entirely different proceedings, in different countries, based on its original Application, even if the cases share a similar underlying basis.

With respect to the matter of costs, the Court encourages the parties to reach an agreement regarding allocation of costs in accordance with the Orders previously issued in this matter.  If the parties are unable to do so, they may file a motion seeking resolution of the matter within sixty days of the date of issuance of this order.  Upon the expiration of the sixty days or, if a motion concerning costs is filed, upon the resolution of any such motion, this case will be closed.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Order of April 30, 2009 (**#109**) is **AFFIRMED**, Petitioner's Request for an Expedited Ruling on its Objection and its Renewed and Supplemented Objection to the April 30, 2009 Order of the Magistrate Judge (**#166**) is **DENIED AS MOOT**, and Respondents' Motion to Close Proceedings (**#169**) is **GRANTED**.  This case shall be closed sixty days after the issuance of this Order unless a motion is filed regarding allocation of costs, in which case it will be closed upon resolution of the

---

[3]Applicant refers to statements by this Court that the documents discovered in this proceeding may be used in other cases.  Liberal use of discovery obtained, however, is not the same as permitting Applicant to bootstrap new discovery requests from different cases to the limited section 1782 Application that commenced this case.

motion.

Dated this 15th day of August, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge